# Exhibit 1

1  BRIAN S. KABATECK, SBN 152054
   (bsk@kbklawyers.com)
2  RICHARD L. KELLNER, SBN 171416
   (rlk@kbklawyers.com)
3  JOSHUA H. HAFFNER, SBN 188652
   (jhh@kbklawyers.com)
4  DOMINIQUE NASR, SBN 275265
   (dn@kbklawyers.com)
5  KABATECK BROWN KELLNER LLP
   644 South Figueroa Street
6  Los Angeles, California 90017
   Telephone: (213) 217-5000
7  Facsimile: (213) 217-5010

8  Attorneys for Plaintiff Karen Washington, on behalf
9  of herself and all others similarly situated

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

NOV 17 2011

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
   KEI LaFLEUR-CLAYTON

10            SUPERIOR COURT OF THE STATE OF CALIFORNIA

11            FOR THE COUNTY OF LOS ANGELES -- CENTRAL DISTRICT

12

13  KAREN WASHINGTON, individually, and on          Case No.
    behalf of all others similarly situated,
14                                                   BC 473716
              Plaintiffs,                            CLASS ACTION COMPLAINT FOR:
15
              vs.                                    (1) UNFAIR BUSINESS PRACTICES;
16
    KEY HEALTH MEDICAL SOLUTIONS, INC.,              (2) VIOLATION OF CONSUMER LEGAL
17  a California corporation; and DOES 1-100,            REMEDIES ACT;
    Inclusive,
18                                                   (3) BREACH OF CONTRACT; AND
              Defendants.
19                                                   (4) UNJUST ENRICHMENT.

20                                                   JURY TRIAL DEMANDED

21

22

23

24

25

26

27

28

- 1 -
Class Action Complaint

Ex. A, p. 12

# Exhibit 1

Plaintiff Karen Washington, on behalf of herself and all others similarly situated ("Plaintiff"), alleges as follows:

## NATURE OF ACTION

1.     This is a class action arising out of Key Health Medical Solution, Inc.'s unfair and unconscionable practice of grossly inflating and misrepresenting the amounts it billed patients injured in car accidents for medical services, through an assignment and/or lien.  Key Health's practice was to obtain an assignment of a medical bill from a medical provider in connection with medical services to a patient.  Key Health would then greatly inflate the bill – adding amounts not charged by the medical provider – and demand payment by the patient of the inflated amount, while misrepresenting the billing and charges.  The amount added to the medical bills by Key Health was a sham, and did not reflect any valid cost or charge.  In Plaintiff Washington's case, although she was only billed by medical providers $3,600.00 for medical services, Key Health charged and collected from Plaintiff $5,685.00.

2.     Plaintiff and Class Members paid false, unreasonable and unfair lien amounts as a result of Defendant's conduct.  Defendant has also engaged and continues to engage in a pattern and practice of demand for and collection of these lien amounts due in a series of letters, notices, invoices, and/or statements.  Plaintiff contests both the enforceability and the amount of the claimed lien.  The practices complained of herein represent a common policy and practice of Defendant and similarly affect all members of the Plaintiffs Class.

3.     Plaintiff brings this action for damages on behalf of all similarly situated consumers who have also paid excessive medical charges to Defendant Key Health Medical Solutions, Inc. Plaintiff seeks to represent the following class of persons:

> All individuals (or their guardians or representatives) residing in the United States who, from four years preceding the filing of this Complaint until this case is certified, paid monies to Defendant Key Health pursuant to an assignment of proceeds for medical services.

## THE PARTIES

4.     Karen Washington is an individual who currently resides at 423 Southern Boulevard, Apartment 203, Warren, Ohio 44485.  Plaintiff brings this action on behalf of herself and all others

-2-

Class Action Complaint

**Ex. A, p. 13**

# Exhibit 1

1  similarly situated throughout the United States, (collectively, "Plaintiff and Class Members" or "Class

2  Members").

3      5.    Plaintiff is informed and believes, and on that basis alleges, that Defendant Key Health

4  Medical Solutions, Inc. ("Key Health") is a company that purchases medical receivables from medical

5  providers and finances such receivables to personal injury victims on a lien basis.  Defendant Key

6  Health is organized and existing under the laws of the State of California, with its principal place of

7  business located in Westlake Village, California.

8      6.    Plaintiff is currently ignorant of the true names and capacities, whether individual,

9  corporate, associate, or otherwise, of the defendants sued herein under the fictitious names Does 1

10  through 100, inclusive, and therefore, sues such defendants by such fictitious names.  Plaintiff will

11  amend this complaint to allege the true names and capacities of said fictitiously named defendants

12  when their true names and capacities have been ascertained.  Plaintiff is informed and believes and

13  thereon alleges that each of the fictitiously named Doe defendants is legally responsible in some

14  manner for the events and occurrences alleged herein, and for the damages suffered by Plaintiff and

15  members of the class.

16      7.    As sued herein, "Defendant" shall mean the above-named Defendant, including all

17  entities through which it does business and its predecessors, successors, affiliates, representatives,

18  attorneys, employees, and/or assigns who, in concert and/or acting as agents for one another, engaged

19  in the conduct complained of herein.

20              **GENERAL ALLEGATIONS**

21      8.    Plaintiff is informed and believes, and on that basis alleges, that all defendants,

22  including the fictitious Doe defendants, were at all relevant times acting as actual agents, conspirators,

23  ostensible agents, partners and/or joint venturers and employees of all other defendants, and that all

24  acts alleged herein occurred within the course and scope of said agency, employment, partnership,

25  joint venture, conspiracy and/or enterprise, and with the express and/or implied permission,

26  knowledge, consent, authorization and ratification of their co-defendants; however, this allegation is

27  pleaded as an "alternative" theory wherever not doing so would result in a contradiction with other

28  allegations.

- 3 -<br>Class Action Complaint

Ex. A, p. 14

# Exhibit 1

9.      All allegations in this complaint are based on information and belief and/or are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. Whenever allegations in this complaint are contrary or inconsistent, such allegations shall be deemed alternative.

## JURISDICTION AND VENUE

10.      This Court has jurisdiction over the entire action by virtue of the fact that this is a civil action wherein the matter in controversy, exclusive of interest and costs, exceeds the jurisdictional minimum of the Court. The acts and omissions complained of in this action took place in the State of California. Venue is proper because this is a class action, the acts and/or omissions complained of took place, in whole or in part within the venue of this Court, and/or one or more defendants reside within the venue of this court.

## FACTUAL ALLEGATIONS

11.      Per Defendant Key Health's website, Key Health is a nationwide leader in providing unique financial solutions to healthcare facilities and healthcare providers. (http://www.keyhealth.net/aboutKeyHealth.cfm.) Through its "Lien Solutions Program," Key Health markets that they fund medical care on a lien or "letter of protection" basis for patients who have been injured as a result of a motor vehicle accident or other type of personal injury accident. Defendant Key Health also markets that they purchase medical receivables in a timely predictable manner and retain a lien/letter of protection with the patient and their attorney for payment at time of settlement. (Id.)

12.      Defendant Key Health's "Assignment of Proceeds and/or Lien for Medical Services" agreement explicitly states that Key Health "has the exclusive right to collect all amounts due for services by Physician/Facility." Key Health's lien also states it "constitutes the ordinary and customary charges by [Key Health] for such medical supplies and/or treatment, and may include administrative charges for costs, expenses and risk of collection typically incurred by [Key Health]." (A true and correct copy of the "Assignment of Proceeds and/or Lien for Medical Services" agreement is attached hereto as Exhibit A.)

# Exhibit 1

13.    Defendant Key Health's representations and billings pursuant to the Assignment are false and misleading. The amount billed by Key Health to patients under the Assignment is grossly inflated, and is far more than charged by the medical providers. The inflated amount charged by Key Health is not, contrary to Key Health's representations, "the amount due for services by the Physician/Facility", are not "ordinary and customary charges," and cannot be justified as "administrative charges." Plaintiff is informed an believes, and on that basis alleges, that Key Health does not provide medical services or treatment, and only bills for medical services provided by others through an assignment. Thus, Key Health does not have ordinary and customary charges for medical services because it does not provide such services, and claiming it has an ordinary and customary charge is deceptive and misleading.

14.    On or about April 19, 2008, Plaintiff was injured in a car accident. Plaintiff subsequently made a claim against the responsible party. On or about July 21, 2008 and December 11, 2008, PDI Diagnostics, a medical provider, performed three Magnetic Resonance Imaging ("MRI") scans on Plaintiff after she sustained injuries in the automobile accident. PDI Diagnostics bill for the medical services it provided Plaintiff was $1,200.00 for each MRI scan, totaling $3,600.00 in medical expenses. Defendant Key Health received an "Assignment of Proceeds and/or Lien for Medical Services," whereby PDI Diagnostics assigned Plaintiff's account receivable to Key Health, and Key Health would have a lien for those charges against Plaintiff's recovery from her accident.

15.    Defendant Key Health thereafter sent several invoices to Plaintiff, billing her $1,895.00 for each MRI scan, in an amount totaling $5,685.00 in medical charges. Thus, Key Health unreasonably and unfairly inflated the amount charged by Plaintiff's medical provider by approximately 58% (i.e., from $3,600.00 to $5,685.00). Plaintiff paid Key Health the full $5,685.00 balance.

16.    There was no valid basis or justification for Key Health's conduct in grossly inflating Plaintiff's medical bill. The inflated amount billed by Key Health was a sham that did not reflect, as the Assignment falsely stated, "the amount due for services by the Physician/Facility", the "ordinary and customary charge" for the medical services, or administrative charges.

- 5 -

Ex. A, p. 16

# Exhibit 1

17.     The $2,285.00 difference between the cost of medical services and the amount charged by Defendant Key Health does not reflect any contractual charges, including administrative charges for cost.

18.     Per year, Key Health purchases over $35 million in medical accounts receivable and as a result, Defendants have wrongfully made and retained millions of dollars in profits from consumers.

19.     Defendant Key Health has engaged, and continues to engage, in a pattern and practice of charging unfair, unreasonable and inflated prices for medical care to accident victims who are generally the least able to pay these inflated and unreasonable charges.

20.     Plaintiff is informed and believes, and on that basis alleges, that Defendant Key Health continued to market and assign proceeds and/or liens in the manner described herein after knowing that its marketing and representations were false and misleading, as set forth herein. Defendant's conduct and actions alleged herein were despicable, and were done maliciously, oppressively and/or fraudulently, with a willful and conscious disregard of Plaintiff's and class members' rights. The conduct alleged herein was engaged in by representatives of Defendant, and officers, directors and/or managing agents of Defendants engaged in, authorized, and/or ratified the conduct complained of herein.

21.     Absent an order from the Court, Plaintiff and the Class will not be made whole nor will justice be provided for accident victims who have used Defendant Key Health's services. Plaintiffs thus seek injunctive relief requiring the immediate cessation of the foregoing practices, including but not limited to charging accident victim's unfair, discriminatory, unreasonable and greatly-inflated rates; and pursuing collection actions against accident victims to collect the unfair and illegal charges. Plaintiff also seeks restitution and appropriate damages for themselves and the Class.

## CLASS ACTION ALLEGATIONS

22.   Plaintiff brings this action on her own behalf and on behalf of all persons similarly situated pursuant to Code of Civil Procedure §382. Plaintiff seeks to represent the following class:

> All individuals (or their guardians or representatives) residing in the United States who, from four years preceding the filing of this Complaint until this case is certified, paid monies to Defendant Key Health pursuant to an assignment of proceeds for medical services.

- 6 -
Class Action Complaint

**Ex. A, p. 17**

# Exhibit 1

23.   Upon information and belief, the scope of this class definition, including its temporal scope, may be further refined after discovery of Defendant's and/or third party records.

24.   Excluded from the Class are governmental entities, Defendant, any entity in which Defendant has a controlling interest, and Defendant's officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns.  Also excluded from the Class is any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

25.   Plaintiff's claims are typical of the claims of the class.  Plaintiff is a member of the class she seeks to represent.   Plaintiff is a member of a class of consumers, and the members of this class of consumers were similarly situated and similarly affected by the conduct alleged of Defendant and incurred similar damage, as alleged in this complaint, as a result of the conduct of Defendant. Members of the class are ascertainable from Plaintiff's description of the class and/or Defendant's records and/or records of third parties accessible through discovery.

26.   The representative Plaintiff will fairly and adequately represent the members of the class and have no interests which are antagonistic to the claims of the class.  The Plaintiff's interests in this action are antagonistic to the interests of Defendant, and she will vigorously pursue the claims of the class.

27.   The representative Plaintiff has retained counsel who are competent and experienced in consumer class action litigation, and have successfully represented consumers in complex class actions.

28.   Common questions of law and fact impact the rights of each member of the class and a common remedy by way of permissible damages, restitutionary disgorgement and/or injunctive relief is sought for the class.

29.   There are numerous and substantial questions of law and fact common to all members of the class which will predominate over any individual issues. These common questions of law and fact include, without limitation:

    a.   Whether Key Health's practice of charging accident victims grossly inflated rates for medical treatment is unlawful under any of Plaintiff's causes of action;

- 7 -

# Exhibit 1

b.    Whether Key Health has enforced and will continue to enforce liens, which obligate Plaintiff and the Class to pay unreasonable and/or unconscionable charges for medical care in breach of contract;

e.    Whether Key Health has utilized unfair, illegal collection practices, and/or liens to collect grossly-inflated medical debts from Plaintiff and the Class;

c.    Whether Key Health's pricing practices as to Plaintiff and the Class are unfair, unconscionable, deceptive and/or illegal;

f.    Whether Key Health falsely represented that the lien for medical services has characteristics, uses, benefits, or quantities that it does not have;

h.    Whether Defendant's representations regarding the assignment of proceeds and/or lien for medical services were fraudulent under Business & Professions Code section 17200;

i.    Whether Defendants' representations regarding the assignment of proceeds and/or lien for medical services were unfair under Business & Professions Code section 17200;

j.    Whether Defendants' representations regarding the assignment of proceeds and/or lien for medical services were unlawful under Business & Professions Code section 17200;

e.    Whether Key Health, through its conduct, has been unjustly enriched to the detriment of Plaintiff and the Class.

30.    A class action provides a fair and efficient method, if not the only method, for adjudicating this controversy. The substantive claims of the representative Plaintiff and the class are nearly identical and will require evidentiary proof of the same kind and application of the same law.

31.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because class members number in at least the hundreds and individual joinder is impracticable. The expense and burden of individual litigation would make it impracticable or impossible for proposed class members to prosecute their claims individually. Trial

- 8 -

Class Action Complaint

Ex. A, p. 19

# Exhibit 1

1   of Plaintiff's and the class members' claims are manageable.  Unless a class is certified, Defendant

2   will be unjustly enriched at the expense of class members.

3       32.    There is no plain, speedy or adequate remedy other than by maintenance of this class

4   action because Plaintiff is informed and believes that damage to each member of the class is relatively

5   small, making it economically unfeasible to pursue remedies other than by way of a class action.

6       33.    The persons in the class are so numerous that the joinder of all such persons

7   individually in this case is impracticable, and the disposition of their claims in this case and as part of

8   a single class action lawsuit, rather than hundreds or thousands of individual lawsuits, will benefit the

9   parties and greatly reduce the aggregate judicial resources that would be spent if this matter were

10  handled as hundreds or thousands of separate lawsuits.

11      34.    Plaintiff knows of no difficulty that will be encountered in the management of this

12  litigation, which would preclude its maintenance of a class action.

13      35.    Defendant has acted on grounds generally applicable to the entire class, thereby making

14  final injunctive relief or corresponding declaratory relief appropriate with respect to the class as a

15  whole.  Prosecution of separate actions by individual members of the class would create the risk of

16  inconsistent or varying adjudications with respect to individual members of the class that would

17  establish incompatible standards of conduct for the Defendant.

18      36.    Without a class action, Defendant will likely retain the benefit of its wrongdoing and

19  will continue a course of action, which will result in further damages to Plaintiff and the class.

20  Plaintiff envisions no difficulty in the management of this action as a class action.

21                          **FIRST CAUSE OF ACTION**

22      **(Unfair Competition Laws - Business & Professions Code §§17200, 17500 *et. seq.*)**

23              **(By Plaintiff and all class members against all Defendants)**

24      37.    Plaintiff and the class re-allege and incorporate by reference the allegations contained

25  in the preceding paragraphs of this complaint, as though fully set forth herein.

26      38.    Business & Professions Code § 17200, prohibits any unfair competition, including any

27  unlawful, unfair or fraudulent business act or practice, and any unfair, deceptive, untrue or misleading

28  advertising and, any other act prohibited by Business & Professions Code §§ 17500, *et. seq.*

-9-
Class Action Complaint

**Ex. A, p. 20**

# Exhibit 1

1      39.    Business & Professions Code § 17500 provides that it is unlawful for any person, firm,

2  corporation, or association, or any employee thereof to intentionally directly, or indirectly perform

3  services, professional or otherwise, or to induce the public to enter into any obligation relating thereto,

4  to make or disseminate in any manner any statement which is untrue or misleading, or which, by the

5  exercise of reasonable care should be known to be untrue or misleading.

6      40.    Defendant's conduct amounts to "unfair" business practices within the meaning of the

7  Act. Defendant grossly inflated the amount billed by the medical providers for medical services

8  provided to Plaintiff. Defendant imposed an unscrupulous 58% markup on Plaintiff's financial

9  obligation. As described herein, Defendant's business practices are unethical, oppressive, and/or

10  offend established public policies.

11      41.    Defendant's conduct as alleged herein also constitutes "fraudulent" business practices.

12  Plaintiff and members of the Class are likely to be deceived by Defendant's representations that the

13  inflated amount it billed is based on Key Health's "exclusive right to collect all amounts due for

14  services by Physician/Facility." This is deceptive because the amount Key Health billed Plaintiff was

15  not "the amount due for services" of the medical provider, but rather represented a 58% add-on by

16  Key Health which did not relate to services by the medical provider. Similarly, members of the public

17  are likely to be deceived by Defendant's representation that the amount billed "constitutes the ordinary

18  and customary charges by [Key Health] for such medical supplies and/or treatment" when, in fact,

19  Key Health does not provide medical services or treatment. Claiming it has ordinary and customary

20  charges for medical services, when Key Health does not provide such services or treatment, is

21  deceptive and misleading. Finally, Key Health's statement that the amount billed is justified by

22  "administrative charges" is deceptive and misleading because the inflated amount billed is not, in fact,

23  justified by administrative charges.

24      42.    Further Defendant has engaged in "unlawful" practices under Business & Professions

25  Code §17200, including but not limited to, violating the Consumer Legal Remedies Act §§ 1770

26  (a)(5), 1770(a)(9), 1770(a)(14), 1770(a)(16), and 1770(a)(19).

27

28

Class Action Complaint                **Ex. A, p. 21**

Case 2:11-cv-10619-JHN-SS   Document 1   Filed 12/22/11   Page 24 of 64   Page ID #:24

# Exhibit 1

43.    Defendant also falsely and misleadingly advertised its services.  Contrary to Defendant's representations, it does not fund medical care, or purchase medical receivables in a "predictable" manner.

44.    As a result of Defendant's unfair, fraudulent, and unlawful business practices, and untrue and misleading statements, Plaintiff has suffered injury-in-fact and damage, including but not limited to, the cost of paying false, unreasonable, unfair and unconscionable debts.  The impact of Defendant's practices is in no way mitigated by any justification, reason or motive.

45.    Each of these grounds for recovery under this cause of action (i.e., unfair, unlawful or fraudulent) are alleged in the alternative.

46.    Plaintiff and the class are informed and believe and on that basis allege that the unlawful, unfair, or fraudulent practices alleged in this complaint are continuing in nature and are widespread practices engaged in by Defendant.

47.    As a result of the aforementioned conduct, Plaintiffs and Class members are entitled to equitable relief, including restitution of all charges and disgorgement of profits, attorneys' fees and costs, and permanent injunctive relief to prevent such conduct in the future.

## SECOND CAUSE OF ACTION

### (Violation of Consumer Legal Remedies Act)

### (By Plaintiff and all class members against all Defendants)

48.    Plaintiff and the class re-allege and incorporate by reference the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

49.    Defendant has undertaken unfair methods of competition and unfair or deceptive acts or practices in transactions intended to result or which results in the sale of goods and/or services to a consumer, including but not limited to:

a.    Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have, in violation of Civil Code §1770(a)(5);

b.    Advertising goods or services with intent not to sell them as advertised, in violation of Civil Code §1770(a)(9);

- 11 -

Class Action Complaint

**Ex. A, p. 22**

# Exhibit 1

1      c.     Representing that a transaction confers or involves rights, remedies, or obligations

2 which it does not have or involve, or which are prohibited by law, in violation of Civil Code

3 §1770(a)(14);

4      d.     Representing that the subject of the transaction has been supplied in accordance with a

5 previous representation when it has not, in violation of Civil Code §1770(a)(16); and

6      e.     Inserting an unconscionable provision in the contract, in violation of Civil Code

7 §1770(a)(19).

8      50.     Among other things, Defendant represents that its services are charged at ordinary and

9 customary rates; however, Defendant's acts and practices constitute misrepresentations that the

10 services have characteristics, uses and/or benefits which they did not have.  Further, Defendant offered

11 and advertised these services at an ordinary and customary rate.  Defendant never intended to or did

12 not provide its services at an ordinary and customary rate.  Instead, Defendant charged rates that were

13 unconscionable and exorbitant, resulting in large profits for Defendant.

14      51.     Defendant Key Health's billing statement, which included a 58% markup, also

15 constitutes an unlawful misrepresentation of actual contractual charges, including administrative

16 charges for cost.

17      52.     As a result of the employment by Defendant of the above-alleged methods, acts, and

18 practices, Plaintiff and the class suffered damage within the meaning of Civil Code §1780(a), entitling

19 them to restitution, injunctive relief, attorneys' fees, and costs.  Plaintiff and the class further intend to

20 seek compensatory damages, and, in light of Defendant's willful and conscious disregard of the rights

21 of Plaintiff and the class, Plaintiff and the class also intend to seek an award of punitive damages.

22      53.     Defendant has been notified of the alleged violations of CLRA pursuant to Cal. Civ.

23 Code § 1782. Defendant did not remedy its conduct within 30 days after receiving such notice.

24      54.     As a proximate result of Defendant's violations of the CLRA, Plaintiff and the Class

25 have suffered damages.  Defendant should be required to pay actual and punitive damages, to make

26 restitution to Plaintiff and the Class; should be enjoined from continuing such practices; and should be

27 ordered to pay for all costs for bringing this lawsuit, including attorneys' fees, and any other relief

28 which the Court deems proper.

- 12 -
Class Action Complaint        **Ex. A, p. 23**

# Exhibit 1

### THIRD CAUSE OF ACTION

### (Breach of Contract)

### (By Plaintiff and all class members against all Defendants)

55.    Plaintiff hereby incorporates and adopts by reference each and every allegation set forth in the preceding paragraphs of the Complaint.

56.    Defendant Key Health, entered into a contract, through its form "Assignment of Proceeds and/or Lien for Medical Services," with Plaintiff.  This contract provided that Key Health had "the exclusive right to collect all amounts due for services by Physician/Facility."  The contract also stated that the amount billed "constitutes the ordinary and customary charges by [Key Health] for such medical supplies and/or treatment, and may include administrative charges for costs, expenses and risk of collection typically incurred by [Key Health]."  (A true and correct copy of the "Assignment of Proceeds and/or Lien for Medical Services" agreement is attached hereto as Exhibit A.)

57.    Key Health breached these contractual terms because the amount it billed to and collected from Plaintiff was far more than the "amounts due for services by Physician/Facility."  Key Health also breached the contract because the amount billed was not justified as an ordinary and customary charge for this medical service and treatment, or as an administrative charge. These charges are unfair, unconscionable, contrary to the contractual terms, and bear no reasonable relation to the actual cost of providing such services.

58.    Defendant Key Health's inclusion of the 58% markup in its billing statement does not have any contractual basis, including administrative charges for cost.

59.    Defendant's breaches of contract have caused Plaintiff economic injury and other damages, including the amount paid to Key Health.

60.    Plaintiff and the class members paid consideration in the form of paying monies to Defendant as reflected on Defendant's invoice, and faithfully performed all obligations required to be performed by them under the terms of the contract, except to the extent performance may have been excused by Defendant's conduct.

Class Action Complaint                                      Ex. A, p. 24

# Exhibit 1

## FOURTH CAUSE OF ACTION

### (Unjust Enrichment)

### (By Plaintiff and all class members against all Defendants)

1  |  61.  Plaintiff re-alleges and incorporates herein by reference the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

62.  Defendant Key Health has been unjustly enriched at the expense of Plaintiff and the Class and to the detriment of Plaintiff and members of the Class.  Key Health has been, and continues to be, unjustly enriched as a result of the unfair, unlawful and/or wrongful pricing and collection of unreasonable and unconscionable charges for medical treatment and services.  Plaintiff and members of the class are entitled to recover from Defendant all amounts wrongfully collected and improperly retained by Defendant, plus interest thereon.

63.  Defendant Key Health has unjustly retained and failed to refund to Plaintiff and the members of the class the amounts wrongfully collected from them and, under the circumstances, has been unjustly enriched.

64.  Plaintiff and members of the class are entitled to recover from Defendant all amounts wrongfully collected and improperly retained by Defendant, plus interest thereon.

65.  Accordingly, Plaintiff and members of the Class seek full disgorgement and restitution of the Defendant's enrichment, benefits and ill-gotten gains acquired as a result of the unlawful and/or wrongful conduct alleged herein.

Wherefore, Plaintiff and members of the class pray for judgment as follows:

1.  For general, special, and consequential damages according to proof;

2.  For punitive and exemplary damages pursuant to the CLRA, if so amended;

3.  For statutory damages;

4.  For equitable entitlement to attorney's fees and costs from the common fund;

5.  For attorney's fees and costs pursuant to the CLRA and California Code of Civil Procedure section 1021.5;

6.  For any and all other relief available under CLRA;

- 14 -

Class Action Complaint

**Ex. A, p. 25**

# Exhibit 1

7. For any and all other relief available under Business and Professions Code sections 17200 and 17500, *et. seq.*, including but not limited to disgorgement of profits received and/or restitution;

8. For an injunction prohibiting Defendant from engaging in the unlawful, unfair, and fraudulent practices alleged herein;

9. For pre-judgment interest; and

10. For such other and further relief as the Court deems just and proper.

DATED: November 16, 2011                 KABATECK BROWN KELLNER LLP

By: _____
Joshua H. Haffner
Dominique J. Nasr
Attorneys for Plaintiffs

- 15 -

Class Action Complaint                                        Ex. A, p. 26

# Exhibit 1

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of all claims and causes of action in this lawsuit.

DATED: November 16, 2011

KABATECK BROWN KELLNER LLP

By: _____
Joshua H. Haffner
Dominique J. Nasr
Attorneys for Plaintiffs

- 16 -

Class Action Complaint

Ex. A, p. 27