IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| LISA GAIL THOMPKINS and<br>HARVEY SANFORD BOONE III,<br>individually and on behalf of those<br>similarly situated, | )<br>)<br>)<br>)<br>)<br>) | |
| Plaintiffs,<br>v. | )<br>) | 1:12CV613 |
| KEY HEALTH MEDICAL<br>SOLUTIONS, INC., | )<br>)<br>) | |
| Defendant. | ) | |

RECOMMENDATION AND ORDER

This matter comes before the Court on Plaintiffs' Motion for Class Certification [Doc. #23] and Motion for Oral Argument [Doc. #61] on the class certification issue. For the reasons that follow, the Court will recommend that the Motion for Class Certification be denied without prejudice to refiling after a period of discovery. In addition, the Court will order that the parties submit a proposed discovery schedule in accordance with Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16.1 as set forth below and will set this matter for an Initial Pretrial Conference. With respect to Plaintiff's Motion for Oral Argument [Doc. #61] on the class certification issue, that Motion will be denied without prejudice in light of the Court's recommendation.

I. FACTS, CLAIMS, AND PROCEDURAL HISTORY

Plaintiffs Lisa Gail Thompkins ("Thompkins") and Harvey Sanford Boone III ("Boone") allege that Defendant Key Health Medical Solutions, Inc. ("Defendant") lends or advances money to or on behalf of individuals injured as a result of a motor vehicle accident or other type of personal

injury and agrees to wait for repayment until the individual's personal injury claim is settled. According to the First Amended Complaint, Defendant subsequently charges those individuals a significantly higher amount than if they had paid in cash at the time of service. (First Am. Compl. [Doc. #13] ¶¶ 8-9.) Based on such conduct in relation to their own medical services, the Complaint brings the following causes of action: (1) Unfair and Deceptive Trade Practices (id. ¶¶ 55-61); (2) Prohibited Acts by Debt Collectors (id. ¶¶ 62-67); (3) Retail Installment Sales Act (id. ¶¶ 68-76); (4) Usury (id. ¶¶ 77-80); (5) Consumer Finance Act (id. ¶¶ 81-84); (6) Unjust Enrichment (id. ¶¶ 85-86); (7) Rescission/Restitution (id. ¶¶ 87-88); (8) Constructive Trust (id. ¶¶ 89-90); and (9) Declaratory Judgment (id. ¶¶ 91-92). In addition, the Complaint alleges that the action is asserted as a class action "because questions of law and fact common to all members of the proposed class predominate over any questions affecting individual class members." (Id., ¶ 40.) The Complaint defines the proposed class as "all individuals in North Carolina on whose behalf Defendant made advances for medical services, or who were charged for, or paid Defendant for medical services in the four years prior to the filing of this action and up to and including the date of the class certification." (Id. ¶ 41.)

Defendant previously moved to dismiss all claims against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. Plaintiffs thereafter moved for "an order under Federal Rule of Civil Procedure 23(b)(3) that this proceeding be maintained as [a] Rule 23(b)(3) class action on behalf of a class comprised of the Plaintiffs and all other North Carolina persons similarly situated." [Doc. #23.] Plaintiffs also filed a Motion for Oral Argument on Class Certification [Doc. #61].

2

Those Motions previously came before the Court. (See Mem. Opinion, Order & Recommendation [Doc. #64].) At that time, the undersigned recommended that Defendant's Motion to Dismiss be denied. (See id. at 23-24.) With respect to the instant Motions, the undersigned noted that discovery and an evidentiary hearing would be needed with respect to the class certification issue, and ordered that Plaintiff's Motion for Class Certification be stayed pending final resolution of an overlapping class action in Washington v. Key Health Medical Solutions, Inc., Case No. BC473716 (Los Angeles, CA Superior Ct.) (the "California Action"), and that Plaintiff's Motion for Oral Argument thus be denied as moot. (See id.)

Defendant objected to that Order and Recommendation, including specifically with respect to Plaintiffs' Motion for Class Certification. (See Objection [Doc. #66].) In that regard, Defendant objected to the stay, noting that the California Action has now been finally adjudicated by a final approval of a class settlement. Defendant attached a copy of the Notice of Final Order and Judgment Approving Settlement in that case. (See id. at 1-2; see also Notice of Final Order [Doc. #66-1].) Defendant also objected to the Court's determination that discovery and an evidentiary hearing would be appropriate on the class certification issue. In response to those objections, Plaintiffs noted that the information regarding the final approval of the class settlement in the California Action had not been made available to them previously, and noted that they did not object to the stay being lifted if the settlement had been finally approved and no appeals taken. Plaintiffs also asserted that class-related discovery and an evidentiary hearing were appropriate in this case, particularly in light of additional information now available as a result of the California Action. On review of those objections, the District Judge adopted the recommendation that Defendant's Motion to Dismiss be denied, and, in light of the additional information regarding the final

3

adjudication of the California Action, resubmitted Plaintiffs' Motion for Class Certification and Plaintiffs' Motion for Oral Argument on Class Certification to the undersigned for further consideration. (See June 24, 2015 Ord [Doc. #68] at 2-3.)

II. DISCUSSION

Based on the information presented by Defendant with regard to the status of the California Action, the Court notes that it appears that the California Action has been resolved by final approval of a class settlement. Therefore, the Court will lift the stay in this case. In addition, the Court concludes that it is appropriate to allow for a period of discovery and to then consider the need for an evidentiary hearing before resolving the class certification issues in this case, as set out in the Court's prior Order and Recommendation, and as set out below.

In previously addressing Plaintiffs' Motion for Class Certification, the Court noted that Rule 23(a) provides that "[o]ne or more members of a class may sue . . . as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). "[T]he final three requirements of Rule 23(a) 'tend to merge,' with commonality and typicality 'serving as guideposts for determining whether . . . maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence.'" Brown v. Nucor Corp., 576 F.3d 149, 152 (4th Cir. 2009). To show "commonality," Plaintiffs must show "that 'there are questions of law or fact common to the class.'" Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541,

4

2550-51 (2011) (quoting Fed. R. Civ. P. 23(a)(2)). Moreover, "[t]hat common contention . . . must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." Dukes, 131 S. Ct. at 2251.

Of note, "Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule – that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." Id. at 2251 (italics in original). The required analysis "will entail some overlap with the merits of the plaintiff's underlying claim." Id. at 2551. Indeed, "'the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action.'" Id. at 2552 (quoting General Tel. Co. of Sw. v. Falcon, 457 U.S. 147 (1982)); see also Ealy v. Pinkerton Gov't Servs., Inc., 514 F. App'x 299, 306 (4th Cir. 2013) ("[T]he trial court may find it necessary to probe behind the pleadings and ultimately, will need to conduct a rigorous analysis to determine whether the Rule 23 prerequisites have been satisfied." (internal quotation marks omitted)).

In the instant case, Defendant questions the commonality of the proposed class. However, as the Court previously noted, given the "rigorous analysis" required of Rule 23, see Ealy, 514 F. App'x at 305-306, and the state of the arguments and evidence currently before the Court, it would be appropriate to allow for a period of discovery and to then consider the need for an evidentiary hearing before resolving the class certification issues in this case. See Monroe v. City of Charlottesville, Va., 579 F.3d 380, 384 (4th Cir. 2009) ("When deciding a motion for class certification, a district court does not accept the allegations in the complaint as true; rather, an

5

evidentiary hearing is typically held on the certification issue."); Paulino v. Dollar General Corp., No. 3:12-CV-75, 2013 WL 1773892, at *9 (N.D.W. Va. Apr. 25, 2013) ("[D]istrict courts in the Fourth Circuit have held that 'discovery relating to class allegations is proper prior to certification' and 'the Court is unable to intelligently rule on the question [of class certification] without information from the parties, which is usually gathered through normal discovery.'") (quoting Am. Fin. Sys., Inc. v. Pickrel, 1974 WL 105, *4 (D. Md. Feb. 1, 1974)); Griffin v. Harley Davidson Credit Corp., No. 8:08-cv-466-HFF-BHH, 2010 WL 233764, at *1 (D.S.C. Jan. 14, 2010) ("[O]ther district courts in this circuit have concluded that plaintiffs are generally entitled to pre-certification discovery to establish the record the court needs to determine whether the requirements for a class action suit have been met." (internal quotation marks omitted)); Carver v. Velocity Exp. Corp., No. 1:07CV407, 2008 WL 1766629, at *2 (W.D.N.C. Apr. 14, 2008) ("Rule 23 certification is typically addressed after the close of all discovery, with considerations going well beyond whether the plaintiffs and the putative class members are similarly situated."); see also M.D.N.C. LR23.1(b) ("In ruling upon [a motion for class action determination], the Court may allow the action to be so maintained, may disallow and strike the class action allegations, or may order postponement of the determination pending discovery or such other preliminary procedures as appear to be appropriate and necessary in the circumstances.").

Accordingly, the Court will lift the stay in this case and will order to parties to meet and confer and to submit a proposed schedule regarding discovery, including as to class certification. As such, the Court recommends that Plaintiff's Motion for Class Certification be denied without prejudice to refiling after the completion of any class certification discovery, in accordance with the schedule ultimately adopted as part of the Initial Pretrial Conference. Plaintiff's Motion for Oral Argument will be denied without prejudice in light of this Recommendation.

6

III. CONCLUSION

IT IS THEREFORE ORDERED that the stay of this matter is LIFTED in light of the additional information presented regarding the final adjudication in the California Action.

IT IS RECOMMENDED that Plaintiffs' Motion for Class Certification [Doc. #23] be denied without prejudice to refiling after an opportunity for discovery on the issue of class certification.

IT IS ORDERED that Plaintiffs' Motion for Oral Argument [Doc. #61] is DENIED without prejudice in light of the Recommendation.

IT IS FURTHER ORDERED that, on or before September 17, 2015, the Parties are to file a proposed discovery plan, jointly if possible, consistent with Federal Rule of Civil Procedure 26(f) and Local Rules 16.1, 16.2 and 16.3, including with respect to issues of class certification. This matter is set for an Initial Pretrial Conference on September 24, 2015, at 9:30 a.m. in Courtroom 3 of the Hiram H. Ward Federal Building and United States Courthouse, Winston-Salem, North Carolina.

This, the 27th day of July, 2015.

                                              /s/ Joi Elizabeth Peake
                                              United States Magistrate Judge